IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COREY NORMAN, an individual and Deputy Mayor and Public Information Officer of Provo City,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN THOMPSON, individually and as Utah County Clerk/Auditor, WILLIAM C. LEE, GREG GRAVES, the BOARD OF COUNTY COMMISSIONERS OF UTAH COUNTY, and UTAH COUNTY,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S SHORT FORM DISCOVERY MOTION<br><br>Case No. 2:17-cv-00300-RJS-BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

Before the court is Plaintiff, Corey Norman's, Short Form Discovery Motion.[1] Mr. Norman seeks an order compelling Defendants "to produce and supplement requested documents and correct its privilege log."[2] Having considered the motion the court will decide it on the basis of the written memoranda.[3]

## BACKGROUND

This matter arises from a dispute concerning a fine assessed to Plaintiff Corey Norman.[4] Mr. Norman was at the time the Deputy Mayor and Public Information Officer for the city of Provo, Utah. In 2016 while holding this position, Mr. Norman sent an email regarding a proposed bus transit program between Provo, and the neighboring city of Orem. This email was

---

[1] ECF No. 49.

[2] Mtn. p. 1.

[3] *See* DUCivR 7-1(f).

[4] The factual background is taken from Mr. Norman's Petition for Declaratory Judgment and Petition of Appeal, ECF No. 2-2.

sent at the request of his boss. At the time some citizens opposed the program and were gathering support for a citizen referendum on the issue.

After sending the email, Mr. Norman received a notice from Utah County Clerk Bryan Thompson assessing him a $250 fine for allegedly violating Utah's Political Activities of Public Entities Act.[5] In response to the fine, Mr. Norman sought records from Utah County and the Utah's Lieutenant Governor's Office concerning an evidentiary basis for assessing the fine. Through the Provo City Assistant Attorney Mr. Norman exchanged communications with Utah County officials regarding the fine.[6] The parties discussed the fact that there was no appellate procedure for contesting the fine[7] and subsequently, the Utah County's Board of Commissioners (Board) enacted a new code provision purporting to create a "hearing and appeal process."[8] The Board held a hearing pertaining to Mr. Norman's fine and issued a decision upholding it. This suit followed and is here in federal district court after removal from state court by Defendants.[9]

Mr. Norman filed a petition for declaratory judgment and appeal originally in Utah's Fourth Judicial District raising four causes of action under the United States and Utah Constitutions for alleged violations of procedural due process, substantive due process, free speech and equal protection.[10] Mr. Norman also asserts a cause of action for "Violation of Right to Communicate Opinions"[11] and "Appeal."[12] Mr. Norman seeks reversal of the decision upholding the $250 fine or a declaratory judgment: 1) clarifying the standard of proof for the

---

[5] *See* Utah Code Ann. § 20A-11-12. Complaint ¶¶15-16.

[6] Complaint ¶¶ 24-26.

[7] *Id.* ¶¶ 25-27.

[8] *Id.* ¶ 29.

[9] [ECF No. 2](#).

[10] Complaint p. 11-15.

[11] *Id.* ¶¶ 69-72.

[12] *Id.* ¶¶ 77-88.

"lawful assessment of such fines;" 2) finding that no "ballot proposition" existed at the time the fine was levied; 3) finding the fine issued by Thompson invalid; 4) finding that the fine violated his rights; 5) concluding that the appeals process was invalid; and 6) finding that he has a cause of action under 42 U.S.C. 1983.[13]

DISCUSSION

The Federal Rules of Civil Procedure govern discovery in federal civil actions. Federal district courts have broad discretion over discovery.[14] Rule 26 provides that parties

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[15]

Information within the scope of discovery need not be admissible in evidence at trial to be discoverable.[16] Under Rule 26(c), a court on its own, or via motion, may limit discovery.[17] Such limitations help prevent discovery that is unreasonably cumulative or duplicative and encourages parties to obtain discovery from convenient less burdensome inexpensive sources.[18]

The court has carefully reviewed the discovery requests and responses and finds them to be adequate under the Federal Rules. Specifically, the discovery provided is proportional to the needs of this case in light of the issues, the relatively small $250 fine and the parties' resources. The undersigned acknowledges the vast amount of discovery already provided and questions the

---

[13] *Id.* at 16-17.

[14] *See Morales v. E.D. Etnyre & Co.*, 229 F.R.D. 661, 662 (D.N.M. 2005) (citing cases).

[15] Fed. R. Civ. P. 26(b) (2018).

[16] *See id.*.

[17] Fed. R. Civ. P. 26(c) (A court may issue a protective order "for good cause ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

[18] *See id.*

value of forcing Defendants to incur additional expenses.[19] Further, the last day to serve written discovery passed in December 2017 and the close of fact discovery concluded in February nearly four months prior to Mr. Norman filing his current motion. The late filing of Plaintiff's motion weighs in favor of not granting the motion.[20] In addition, Plaintiff fails to specifically identify which of the requests are inadequate in his motion. Mr. Norman brings the motion under the Short Form Procedure, however, even with a 500 word limit there must be more than general assertions of noncompliance with various vague discovery requests.[21] Finally, Defendants have "offered to supplement the entries related to the Utah County closed meetings"[22] in the privilege log and appear willing to address perceived short comings in responses. Mr. Norman, however, appears to have been slow in seeking such cooperation.

Accordingly, Mr. Norman's motion is DENIED.

DATED this 11 July 2018.

Brooke C. Wells
United States Magistrate Judge

---

[19] *See e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L.Ed. 2d 253, (1978) ("discovery, like all matters of procedure, has ultimate and necessary boundaries."); *Kannaday v. Ball*, 292 F.R.D. 640, 650 (D. Kan. 2013) (noting the standards of discovery); *Reibert v. CSAA Fire & Cas. Ins. Co.*, 2018 WL 279348, at *4 (N.D. Okla. Jan. 3, 2018) (noting the proportionality requirements); *Hall v. Life Care Centers of Am., Inc.*, 2018 WL 1992333, at *4 (D. Kan. Apr. 27, 2018) (denying discovery requests based on the proportionality limits on discovery).

[20] *See Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 62 (10th Cir. 2012) (noting that although the Federal Rules of Civil Procedure do not set a deadline for motions to compel, district courts retain the discretion to decide whether a motion to compel "is too tardy to be considered."); *Norton v. City of Marietta, Okla.*, 432 F.3d 1145, 1156 (10th Cir. 2005) (affirming district court that denied motion to compel because party filed motion "well after the close of discovery and only two days before the pre-trial conference."); *Mollinger Wilson v. Quizno's Franchise Co.*, No. 04–1131, 2004 WL 2757941, at *3 (10th Cir. Dec. 3, 2004) (unpublished) (finding district court did not abuse its discretion when it denied motion to compel because the party filed it after the discovery deadline passed).

[21] *See* DUCivR 37-1(a)(3).

[22] Op. p. 2-3, ECF No. 52.